UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
XIULING TAN,

                Plaintiff,

      - against -

NXL MARKET, INC.,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-4561 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On August 9, 2021, Plaintiff Xiuling Tan, a resident of Brooklyn, New York, appearing *pro se*, filed this action against NXL Market, Inc., a company located in Brooklyn, New York, alleging that Defendant stole his or her business. (Complaint ("Compl."), Dkt. 1., at 2–4.) Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (IFP Application, Dkt. 2.) For the reasons below, Plaintiff's IFP application is denied.

"The federal IFP statute[, 28 U.S.C. § 1915,] allows indigent litigants to file lawsuits without prepaying the filing fees." *Humphrey v. U.S. Army Corps of Engineers*, No. 21-CV-1901 (RPK) (LB), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). It is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A litigant may proceed IFP if "[he] cannot because of his poverty pay or give security for" the costs of filing "and still be able to provide himself and [his] dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (quotations and alterations omitted).

1

"Under 28 U.S.C. § 1914(a), the base filing fee to commence a civil action is $350." *Richards v. Allied Universal Sec.*, No. 19-CV-2043 (PKC) (RML), 2019 WL 1748599, at *1 (E.D.N.Y. Apr. 18, 2019). "Section 1914(b) provides that the Clerk of Court shall collect additional fees as prescribed by the Judicial Conference of the United States[.]" *Id.* (citing 28 U.S.C. § 1914(b)). The current total fee to file a civil case in this Court is $402. *See* Court Fees, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, https://www.nyed.uscourts.gov/court-fees (last visited, Aug. 15, 2021).

"The question of whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the Court." *Richards*, 2019 WL 1748599, at *1 (citing *DiGianni v. Pearson Educ.*, No. 10-CV-206 (RJD) (LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). Section 1915(e)(2)(A) directs a court to dismiss a case if at any time the court determines that "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Plaintiff indicates that he or she is unemployed but has $4,008 in cash or savings. Plaintiff reports no regular monthly expenses other than $600 to support two daughters and a tax debt of $350. (IFP Application, Dkt. 2, at 1-2.) Plaintiff's IFP application does not establish that he or she is unable to pay the filing fee. Therefore, Plaintiff's request to proceed IFP is denied.

## CONCLUSION

Plaintiff's IFP application is denied. To proceed with this action, he or she must pay the $402 filing fee to the Clerk of Court within 14 days of the date of this Order. If Plaintiff fails to comply with this Order within the time allowed, the case shall be dismissed without prejudice.

Before Plaintiff pays the filing fee, he or she should consider whether the claim arises under state law and not federal law. The subject matter jurisdiction of the federal courts is limited.

2

Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331),[1] or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332).[2]  Plaintiff's complaint does not allege any facts to show that either federal question or diversity jurisdiction are available.  Plaintiff is cautioned that even if he or she pays the filing fee, the Court will have to dismiss the action *if* it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  August 18, 2021
        Brooklyn, New York

---

[1] 28 U.S.C. § 1331 provides for jurisdiction over civil actions arising under the "Constitution, laws, or treaties of the United States."

[2] 28 U.S.C. § 1332(a) provides for federal court jurisdiction over state law claims where all plaintiffs and all defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."